[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on counts two and' three of the plaintiffs' complaint on the ground the two claims asserted individually by plaintiff Carmen Vargas are barred by the statute of limitations. The defendant claims a ninety-day extension of the statute of limitations obtained under the provisions of section 52-190a(b) of the General Statutes applies only to the claim asserted on behalf of the minor child, Nelson Rivera, and does not apply to the two claims asserted individually by Carmen Vargas. For the reasons stated below, the motion is denied as to the second count and is granted as to the third count.
In the first count, plaintiff Carmen Vargas alleges that the defendant's negligence caused her son, Nelson Rivera, to suffer serious and permanent injuries at the time of his birth. In the second count, Carmen Vargas alleges that she has incurred and will continue to incur expenses for the care and treatment of her son. In the third count, Carmen Vargas alleges that the defendant's negligent treatment of her son caused her to suffer emotional distress.
The petition for a ninety-day extension of the statute of limitations does not contain a name of a party in the caption. The petition is signed by "counsel for the petitioner." The petition reads as follows:
 "Pursuant to Connecticut General Statutes Section 52-190a(b), the undersigned hereby petitions for the AUTOMATIC ninety (90) day CT Page 3323 extension of the Statute of Limitations for injuries discovered by NELSON RIVERA JR. PPA CARMEN VARGAS of 465 Lafayette Street, Bridgeport, Connecticut, on or about February 4, 1990 and thereafter; to allow reasonable inquiry to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of NELSON RIVERA, JR. by BRIDGEPORT HOSPITAL, and other medical care providers and/or institutions as yet unknown."
An order granting the petition was entered by a clerk of the court. This action by the clerk was sufficient to extend the statute of limitations for the first two claims but not the third. The motion for summary judgment is denied as to the second count. The motion is granted as to the third count.
THIM, JUDGE